IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SALAS REALTY LLC, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Civil Action No. 3:19-CV-1572-N |
| TRANSPORTATION INSURANCE COMPANY, | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs Salas Realty, LLC and Salas Plumbing, Inc.'s (collectively "Salas") Application for Appointment of Umpire [1]. For the following reasons, the Court directs the parties each to appoint an appraiser and instructs the two appraisers to select an umpire.

### I. ORIGINS OF THE DISPUTE

Salas insured its property with Defendant Transportation Insurance Company ("Transportation"). Notice of Removal, Ex. C, Salas Realty, LLC / Salas Plumbing, Inc.'s Appl. Appointment Umpire ("Salas's Appl.") 2 [1]. Salas submitted a claim with Transportation because Salas alleged its property suffered damage after a hail storm. *Id.* Transportation used an adjuster to investigate the damage, but Transportation declined to pay for the damage because its adjuster stated that the damage resulted from wear and tear, which is not covered under the insurance policy. Def. Transportation Insurance Company's Opp'n Pl.'s Appl. Appointment Umpire ("Def.'s Opp'n") 4 [9]. Salas

MEMORANDUM OPINION AND ORDER – PAGE 1

demanded that Transportation appoint an appraiser. Salas's Appl. 4. However, Transportation claimed that under the insurance policy it was not obligated to hire an appraiser. Def.'s Opp'n 5. Now Salas ask the Court to appoint an umpire. Salas's Appl. 5.

The insurance contract includes an appraisal clause that states in relevant part:

> If the Named Insured and the Insurer fail to agree on the amount of loss for physical damage or business income or extra expense, either may make a written demand for appraisal in which case within 20 days of that written demand each shall select an appraiser and shall notify the other of its chosen appraiser. This APPRAISAL Condition is not available to the named Insured or the Insurer if there is a dispute as to whether the loss or damage was caused in whole or in part by the covered peril. This APPRAISAL Condition is not available if there is a dispute as to whether or not the loss is covered in whole or in part under this coverage part.

*Id.* at 3; *see also* Def.'s Opp'n 3. Salas argues that it is entitled to an appraiser because the disagreement concerns the amount of loss resulting from the hail storm. Salas's Appl. 2. But Transportation contends that the adjuster determined the loss resulted directly from wear and tear, so the dispute concerns the cause of the damage, not the amount of loss. Transportation Insurance Company's App. Opp'n Pl.'s Appl. Appointment Umpire ("Def.'s App."), Ex. A-1 2 [10]; Def.'s Opp'n 3–5.

## II. HISTORY AND SCOPE OF INSURANCE APPRAISALS

Appraisals are a "means of resolving disputes about the 'amount of loss' for a covered claim." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009) (internal quotations and citations omitted). Texas law generally holds appraisal clauses are enforceable, but appraisal-clause litigation is sparse. *See id.* at 888–89. Yet, in 2009, the

Texas Supreme Court in *State Farm Lloyds v. Johnson* clarified the appropriate scope of appraisals. *See id.* at 887.

### A. *History of Appraisals Before* **State Farm Lloyds v. Johnson**

Prior to 2009, the Texas Supreme Court addressed this topic only five times, and each concerned either waiver or enforceability. *Id.* at 889. Historically, insurance companies have used these clauses in property insurance contracts, and Texas law generally has encouraged courts to enforce these clauses. *Id.* at 888, 894. In fact, Texas law has pushed parties to conduct an appraisal prior to filing suit because an appraisal does not require court intervention and is usually faster and less expensive than litigation. *Id.* at 894–95, 894 n.42 (noting that Texas law considers appraisals a condition precedent to litigation).

Long-standing Texas law limits appraisals to determining damage, not liability, because the question of liability is left for the courts. *Id.* at 889–90. However, the line between the damage and liability question is not always clear. *Id.* at 890. Prior to 2009, Texas courts split on when an appraiser could decide causation as a part of his damage determination. *Id.* (collecting cases).

### B. *The Texas Supreme Court Defined the Scope of Appraisals in* **State Farm Lloyds v. Johnson**

In 2009, the Texas Supreme Court defined the scope of appraisals and the meaning of "amount of loss." *Id.* at 887, 895. In *Johnson*, the insurance company and the insured disputed whether an appraisal was appropriate under the contract's appraisal clause. *Id.* at 887–88. The contract included the following provision:

> **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire . . . . The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss.

*Id.* (emphasis in original).

The insured's property suffered hail damage after a storm. *Id.* at 887. The insurance company concluded that the storm damaged only the ridgeline of the roof, while the insured's contractor estimated that the whole roof needed repair. *Id.* The insured requested an appraisal under the insurance contract. *Id.* The insurance company refused to comply because it claimed that the parties disagreed as to the cause of the damage, which exceeded the scope of an appraisal. *Id.* at 888. Ultimately, the dispute concerned two intertwined issues: First, was the insurance company and the insured's dispute about causation or amount of loss? *See id.* at 888, 891. Second, if the dispute concerned causation, was an appraisal appropriate? *See id.*

The Texas Supreme Court held that determining the extent of hail damage necessarily required the appraiser to decide causation, but an appraisal was still appropriate. *Id.* at 887, 895. First, the Court determined that, as a matter of law, it was unclear whether the parties disagreed about causation or amount of loss. *Id.* at 891. Regardless, the Court found that even if the parties did disagree about causation, a causation dispute did not bar an appraisal. *Id.*

Next, the Court defined the scope of an appraisal by outlining two categories—when an appraiser cannot decide causation and when an appraisal may. *Id.* at 892. First, appraisers cannot decide causation when the injury is indivisible. *Id.* at 892, 894. The Texas Supreme Court detailed that "when different causes are alleged for a single injury to property, causation is a liability question for the courts." *Id.* at 892. For example, in assessing damages to the foundation of a structure, an appraiser assessed damages due to plumbing leaks (a covered cause) as $0 but damages due to settling (an excluded cause) as more than $0. *Id.* (citing *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 685–86 (Tex. App. – Dallas 1996, writ denied)). In this type of scenario, the appraiser assessed a single injury, so assessing the causation of the injury overstepped his authority. *Id.* The appraiser can decide the amount of loss, but the appraiser cannot decide what caused it because that is a question of liability, which is reserved for the courts. *Id.*

Alternatively, an appraiser can decide causation when the injury is divisible. *Id.* at 892, 894. "[W]hen different types of damage occur to different items of property, appraisers may have to decide the damage caused by each before the court can decide liability." *Id.* at 892. For example, an appraiser assessed property damage after a storm and determined the amount of water damage, which the policy covered, and the amount of mold damage, which the parties disputed whether the policy covers. *Id.* (citing *Lundstrom v. United Servs. Auto. Ass'n*, 192 S.W.3d 78, 87–89 (Tex. App. – Houston [14th Dist.] 2006, pet. denied)). In this case, the amount-of-damage determination is left to the appraiser, and the liability question of whether the policy covers mold damage is for the court. *Id.* An appraiser is not barred from assessing the damage even though causation

MEMORANDUM OPINION AND ORDER – PAGE 5

factors into his assessment. *Id.* In other words, appraisers "decide the cost to repair each without deciding who must pay for it." *Id.* at 894.

Furthermore, when covered damages and pre-existing wear and tear occur, this dispute falls into the second category. *Id.* at 892. The Court explained that "[t]he same is true when the causation question involves separating loss due to a covered event from a property's pre-existing condition." *Id.* Specifically, an appraiser can determine whether the damage is due to wear and tear or a covered damage, which means an appraiser may decide causation when deciding the amount of loss. *Id.* Otherwise, appraisal clauses would be largely inoperative because "appraisals [could] never assess . . . damage unless a roof [was] brand new." *Id.* at 892–93.

In conclusion, the Texas Supreme Court determined that an appraiser could determine the amount of loss, even though the appraiser may need to decide an inherent causation question. *See id.* at 893, 895. The Court specified that State Farm could not avoid appraisal "merely because there might be a causation question that exceeds the scope of appraisal." *Id.* at 893. But the Court reiterated that this ruling does not mean that the appraiser can rewrite the policy or overstep a court's role. *Id.*

Additionally, part of the Court's reasoning rested on the posture of this case. *Id.* The appraisal had not yet occurred. *Id.* at 893–94. The Court explained that "appraisals should generally go forward without preemptive intervention by the courts" because a court can always review an appraisal and determine whether the appraiser overstepped his authority. *Id.* at 895. The Court encouraged parties to conduct appraisals before litigation

ensues because someone must determine the amount of loss, and appraisals generally aid in avoiding litigation. *Id.* at 894–95.

Since *Johnson*, courts continue to allow appraisers to evaluate whether damage was caused by a particular event or was the result of noncovered pre-existing perils like wear and tear. *TMM Investments, Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 474 (5th Cir. 2013) (collecting cases).

### III. THE COURT FINDS TRANSPORTATION'S CAUSATION EXCLUSION VOID

The Court finds Transportation's causation exclusion void as against public policy, and the Court directs the parties to appoint appraisers who can then appoint an umpire as under the policy.

#### A. *Standard for Finding a Contract Term Void as Against Public Policy*

Parties are free to contract, but parties cannot agree to terms that are against public policy. *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 475 (Tex. 2016). In Texas, insurance policies are controlled by Texas contract law. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987). A court should first determine the contractual rights of the parties under the insurance policy before rendering the contract provision void. *Tex. Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 878 (Tex. 1999). A limitation in an insurance contract is against public policy and void as a matter of law when the provision is illegal or inconsistent with public policy. *Phila. Indem. Ins. Co.*, 490 S.W.3d at 475; *see also Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 182 (Tex. App. – Fort Worth, no writ). Public policy is defined by the state's constitution, statutes, and judicial decisions. *Locomotive Eng'rs & Conductors Mut. Protective Ass'n v. Bush*, 576 S.W.2d

MEMORANDUM OPINION AND ORDER – PAGE 7

887, 890 (Tex. App. – Tyler 1979, no writ). If the legislature has not provided any direction, then the Court should weigh the "interest in enforcing [the] agreement[] versus public policy interest against such enforcement." *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 663–64 (Tex. 2008).

It is a long-standing rule that the Court must read an insurance policy to avoid rendering any portion inoperative. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 748 (Tex. 2006) ("[I]t has again long been the rule that we must read all parts of a policy together, giving meaning to every sentence, clause, and word to avoid rendering any portion inoperative."). The Texas Supreme Court encourages enforcing appraisal clauses, rather than enforcing interpretations that leave the clauses inoperative. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009); *see also SPJST Lodge #514 & Am. Sokol Org. v. Century Sur. Co.*, 2015 WL 12699508, at *2 (N.D. Tex. Nov. 23, 2015) (O'Connor, J.); *Essex Ins. Co. v. Levy Props., Inc.*, 2013 WL 12122119, at *5 (N.D. Tex. May 7, 2013) (Cummings, J.).

### B. The Court Finds Transportation's Causation Exclusion Void

Here, the Court finds that Transportation's causation exclusion is void, and the Court directs the parties to appoint appraisers. Like in *Johnson*, before an appraisal has taken place, the parties dispute the same two-part issue—whether the issue is one of causation or amount of loss, and, consequently, whether Salas can elect for an appraisal. *See Johnson*, 290 S.W.3d at 887–88, 891, 894. Transportation contends that Salas is excluded from an appraisal because Transportation's adjuster determined the loss resulted from wear and tear, making this a causation dispute. Def.'s Opp'n 3–5. Transportation

argues that under the contract's appraisal clause, Salas cannot elect for an appraisal when the parties dispute causation. *Id.*

However, the Court holds that Transportation's causation exclusion violates public policy. *See Johnson*, 290 S.W.3d at 892–93. The appraisal clause allows Salas to elect for an appraisal when the parties disagree about the amount of loss. Salas's Appl. 3; Def.'s Opp'n 3. As Transportation argues, the clause also includes a causation exclusion preventing the parties from electing for an appraisal when the parties disagree over whether the loss was caused by covered peril, meaning Salas cannot elect for an appraisal when the dispute concerns separating covered loss from wear and tear. *See* Def.'s Opp'n 3.

This issue mirrors the scenario described in *Johnson*. *See Johnson*, 290 S.W.3d at 892–93. Based on *Johnson*, the Court finds an appraisal is appropriate when separating loss from a covered event from wear and tear, even though the appraiser may have to make a causation determination. *See id.* But Transportation's causation exclusion prohibits Salas from appointing appraisers in this scenario, unless the property is brand new. As predicted in *Johnson*, Transportation's causation exclusion renders the appraisal clause "largely inoperative" because if "appraisers can never allocate damages between covered and excluded perils, then appraisals can never assess [storm] damage unless [the property] is brand new." *Id.*

Because Transportation's causation exclusion renders the appraisal clause inoperative, the clause is void. The Texas Supreme Court expressly opined that appraisals are appropriate when deciding whether the loss occurred from a covered event or wear and tear, and courts must avoid a construction that renders an appraisal clause inoperative. *Id.*

at 893. Yet, Transportation's causation exclusion effectively overrules *Johnson* by contract because the clause prevents Salas from exercising its rights under the contract and renders the clause altogether inoperative. As written, Transportation's causation exclusion effectively gives Transportation a veto, allowing Transportation to unilaterally deny Salas's right under the contract. This outcome does not align with Texas public policy. After weighing the parties' right to contract with the public policy against enforcement, the Court finds this exclusion void as against public policy.

Accordingly, the Court finds that the parties should appoint appraisers. *See id.* at 892–93. The appraisers can make a causation determination in order to separate the damages resulting from the storm from the damages resulting from wear and tear. *Id.*

## CONCLUSION

The Court directs Salas and Transportation each to designate an appraiser within fourteen (14) days of the date of this Order. The two appraisers will select an umpire as provided in the policy. If the two appraisers are unable to agree on an umpire within twenty-eight (28) days after the date of this Order, the parties must advise the Court, which will select an umpire.

Signed December 2, 2019.

_____
David C. Godbey
United States District Judge